Filed 3/14/13  In re H.C. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| In re H. C., a Person Coming Under the Juvenile Court Law. | |
| SISKIYOU COUNTY HUMAN SERVICES DEPARTMENT, | C071803 |
| Plaintiff and Respondent, | (Super. Ct. No. SCSCJVSQ1151147) |
| v. | |
| J. C., | |
| Defendant and Appellant. | |

Appellant J.C., father of the minor, appeals from juvenile court orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, § 395.)[1]  Father claims it was error for the juvenile court to rule that the Indian Child Welfare Act

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

(ICWA) did not apply, because notice of the proceeding was not sent to the Blackfeet Tribe of Montana.

The record establishes that the minor did not have Indian heritage with a federally recognized tribe. Accordingly, ICWA notice was not required. We will affirm the juvenile court's orders.

BACKGROUND

Our recitation of the background is limited to the circumstances relevant to the contention on appeal. The Siskiyou County Human Services Department (Department) took the minor into protective custody on August 9, 2011. At the subsequent detention hearing, mother testified she was not aware that she had any Native American or Indian heritage. Father testified he was "not sure" if he had any Native American or Indian heritage, adding, "I don't have any idea at all."

The minor's paternal grandfather said at the detention hearing that father's maternal grandmother had a father who was Indian and Spanish and a mother who was Indian and French. The minor's paternal grandfather did not know with which tribe father's maternal grandmother was associated, but the minor's paternal grandfather provided the name, address and contact information for father's maternal grandmother. The minor's paternal grandfather gave no indication that there was any Indian ancestry on his side of the family.

According to the social worker's six-month review report, father said his mother has Aztec heritage and his father (the minor's paternal grandfather) is descended from the "Blackfoot Tribe." However, the social worker spoke with father's maternal grandmother and she indicated "she is not aware of any Native American heritage for [father]." The social worker also spoke with the minor's paternal grandfather, who reported that his family was descended from "Blackfoot Indians in Canada" and that father's mother was descended from Aztec people in Mexico. The minor's paternal

2

grandfather reported to the social worker that none of father's Native American ancestry was "through any federally recognized Tribe."

At the ensuing six-month review hearing, the juvenile court found the minor was not an Indian child within the meaning of ICWA. Several months later, the juvenile court held a section 366.26 hearing. The juvenile court found it is likely the minor will be adopted, and the court selected adoption as the permanent plan.

DISCUSSION

Father claims it was error for the juvenile court to rule that ICWA did not apply, because notice of the proceeding was not sent to the Blackfeet Tribe of Montana. Father argues such notice should have been sent because father told the social worker the paternal grandfather descended from the "Blackfoot Tribe" and the sole federally registered Blackfoot tribe is the Blackfeet Tribe of Montana.

ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1912.) The juvenile court and the welfare agency have an affirmative duty to inquire at the outset of the proceeding whether a child who is subject to the proceeding is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a).) If, after the petition is filed, the juvenile court "knows or has reason to know that an Indian child is involved," notice of the pending proceeding and the right to intervene must be sent to the tribe or the Bureau of Indian Affairs if the tribal affiliation is not known. (25 U.S.C. § 1912; Cal. Rules of Court, rule 5.481(b).)

An Indian child is defined as, among other things, a member of an Indian tribe, or eligible for membership in an Indian tribe and the biological child of a member of an Indian tribe. (§ 224.1, subd. (b); 25 U.S.C. § 1903(4).) Under ICWA, "Indian tribe" has a very specific and restricted meaning. It includes only those groups or communities of Indians recognized as eligible to receive certain services from the Secretary of the

3

Interior. (25 U.S.C. § 1903(8).) The Federal Register lists the recognized Indian entities. Only those tribes are subject to the notice provisions of ICWA.

Here, although the Department and the juvenile court had reason to believe the minor had "Blackfoot" heritage, the Blackfoot tribe is not a federally recognized tribe. (77 Fed.Reg. 47869 (amended Aug. 10, 2012) [listing the "Blackfeet Tribe of the Blackfeet Indian Reservation of Montana"].)

Although there is a possibility of confusing the similarly named Blackfoot and Blackfeet tribes, the record establishes there was no confusion here. The social worker investigated further and obtained confirmation from the paternal grandfather that his Indian affiliation was with the Blackfoot Indians in Canada and not with any federally recognized tribe. Having ruled out the possibility that the minor may be a member or eligible for membership in the federally recognized Blackfeet tribe, ICWA notice was not required.

DISPOSITION

The orders of the juvenile court are affirmed.

MAURO , J.

We concur:

BLEASE , Acting P. J.

MURRAY , J.

4